IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CURTIS LEE BENNETT,          :
                             :
    Plaintiff,                :
                             :
vs.                          :     CIVIL ACTION 11-0387-M
                             :
MICHAEL J. ASTRUE,           :
Commissioner of Social Security,:
                             :
    Defendant.               :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 21). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

    At the time of the administrative hearing, Plaintiff was fifty years old, had completed a ninth-grade education (Tr. 32), and had previous work experience as an assembler at a lawn mower factory and a forklift operator (Tr. 51). In claiming benefits, Plaintiff alleges disability due to residuals from an electrocution injury and fall in 1990 (Doc. 12 Fact Sheet).

    The Plaintiff filed applications for disability benefits and SSI on June 26, 2008 (Tr. 120-25; *see* Tr. 14). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Bennett was not capable of doing his past relevant work but that he could perform specific light, unskilled jobs (Tr. 14-24). Plaintiff requested review of the

hearing decision (Tr. 9-10) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Bennett alleges the single claim that the ALJ failed in his duty to develop the record by not ordering a consultative examination (Doc. 12).  Defendant has responded to—and denies—this claim (Doc. 17).  The relevant medical evidence of record follows.

On September 2, 2008, a consultative examination was performed by Psychologist Richard S. Reynolds who found Bennett to be oriented in four spheres; thought content was logical and associations were tight (Tr. 236-38).  Recent and remote memory were fair; judgment, insight, and decision making abilities were intact.  In Reynolds's opinion, Bennett's "ability to understand, carryout, remember instructions, and to respond appropriately to supervision, co-workers, and work pressure in a work setting maybe somewhat impaired by Major Depression, mild secondary to medical" (Tr. 238).

On September 3, 2008, a consultative physical examination was performed by Dr. Stephen J. Robidoux who noted that Bennett was alert with slow mentation and slow, deliberate ambulation; the doctor detected alcohol on Plaintiff's breath (Tr. 213-17).

3

Robidoux noted full range of motion (hereinafter *ROM*) in his neck, back, and lower and upper extremities.  Bennett's lungs were taking in 98% oxygen with no rales, ronchi or wheezing; his heart had a regular rate and rhythm without extra sounds, murmurs, rubs, or heaves.  Plaintiff was able to squat and raise and had normal heel and toe walking; the doctor noted that his neuromuscular system was intact and normal with only a mild intension tremor.  Robidoux's impression was alcohol and tobacco abuse; the doctor noted that Bennett would benefit from an alcohol rehabilitation program.  There was no limitation to sitting, standing, walking, lifting, carrying, talking, listening, and handling objects.

Plaintiff's treating physician, Dr. Subramonium Das, began treating him on September 21, 1995 (Tr. 218-34).  X-rays taken several days after that initial visit revealed no abnormalities in the lumbar spine and no active cardiopulmonary disease (Tr. 231); an echocardiogram revealed mitral valve prolapse and tricuspid valve prolapse while a Doppler study revealed mild tricuspid and mild mitral regurgitation (Tr. 232).  A cardiac catheterization, performed a month later, was normal (Tr. 233-34).  A note from June 26, 2008, indicated that Bennett had no sensation below the knee; the doctor's impression was peripheral

4

neuropathy and an electrocution injury in 1990 (Tr. 229).  Dr. Das ordered tests, including nerve conduction studies and an EMG, though there is no record that they were ever performed.

On September 5, 2009, Plaintiff was admitted to Vaughan Regional Medical Center for two nights for a transient ischemic attack on the right side (Tr. 239-55).  Though Bennett was initially paralyzed in the right upper and lower extremities and his speech was slurred, these conditions improved a few minutes after being admitted to the Emergency Room; "the right-sided weakness improved remarkably" (Tr. 240).  A CAT scan showed no acute changes but did reveal an old right-sided stroke and some atrophy.  At discharge, he had 4/5 power on both right extremities and some weakness in his trapezius muscle on the right side.  He had some facial drooping on the right side and some slight slurring of speech.  This concludes all of the medical evidence.

In this action, Bennett has claimed that the ALJ failed in his duty to develop the record by not ordering a consultative examination following his hospitalization (Doc. 12).  Though acknowledging the two consultative exams that were performed, Plaintiff asserts that another should have been completed following his stroke.  The Court notes that the Eleventh Circuit

Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

   The ALJ summarized the medical evidence and found that although he could not return to his previous work, there were specific light work jobs which Bennett could perform (Tr. 14-24).  The Court notes that the ALJ made the following specific findings:

> With regard to the transient ischemic attack that occurred in September 2009, there is no indication in the medical evidence of record that this episode resulted in neurological deficiencies or other residual effects that would prevent the claimant from performing work consistent with the above residual functional capacity assessment.  His discharge summary notes that the claimant had pronounced weakness on the right side at the time of admission, but the strength in his right upper and lower extremities increased to 4 out of 5 while he was still being treated in the emergency room.  During his hospital stay, he showed no neurological deficits, and his vital signs remained stable.  He was discharged in stable condition (Exhibit 6F, pgs. 1-2).  There is no indication in the record of evidence that the claimant has sought any follow-up treatment for residual effects or other sequelae related to his transient ischemic attack.

(Tr. 20).

The Court finds that Bennett's claim is of no merit. The hospital records indicate that Plaintiff had substantially recovered at the time of his discharge from the transient ischemic attack (hereinafter *TIA*). The transcript also clearly shows that Bennett sought no further medical treatment for anything in the ten months between his hospitalization and the day the ALJ entered his decision. Plaintiff has not shown—much less demonstrated—that his abilities were any different after his TIA as compared to before he experienced it.

Bennett has raised a single claim in this action; that claim is without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 15th day of March, 2012.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE